Counsel, proceed when ready. Thank you, Your Honor. May it please the Court, Ms. Burkness. My name is Stephen Pevar, and I represent Plaintiff Appellant Taylor Blanchard. Early in this litigation, the District Court denied a Rule 12b-6 motion to dismiss, and in doing so reached the following two conclusions. First, Taylor Blanchard is similarly situated with all of the men who have gained admission to Wyoming's youthful employment or boot as they did. Second, because she is similarly situated with all of those men, Ms. Blanchard has a right guaranteed by the United States Constitution to a comparable program as those men receive. Therefore, her allegations, which must be assumed true at this stage, that she was provided a markedly inferior program to those men create a cognizable claim under the 14th Amendment. Standing here today, of course, we don't know whether she received a comparable program as those men or whether she will ultimately prevail on the merits. What we do know is that the Florida program in which she was placed was a third shorter than the Wyoming program, and that her allegations state that she was denied programming, training, and instruction that the men received. Is your client complaining that she wasn't in more time than she got? That's right. The reason is, to her credit, is that she does not want to just be out of prison. She wants to stay out of prison. She has had substance abuse issues. She was hoping to get programming in Florida for them. She was denied, or that program didn't have them. So the relief that she, is it clear that the relief she wants, she doesn't want a do-over of the Wyoming program, right? She wants the components that were missing from the Wyoming program in the Florida program. That's right. Okay, so that would be substance abuse programs and, to the extent necessary, the additional time in a boot camp program. And we don't know what she missed out on. Okay, but those are the two things that were... Exactly. Okay. Exactly. Is substance abuse programming or treatment available to her through the state of Wyoming as part of her probation? Yes, it is. And the reason we don't know whether the Florida program satisfied the constitutional requirement of comparability, is that as soon as Ms. Blanchard graduated from that shorter program, the district court dismissed her complaint as moot. The district court's dismissal was based on one ground only, redressability. The district court quoted the Wyoming boot camp statute, which states that it's available only to first-time offenders. And the court then said, and I'm quoting, plaintiff is no longer a first-time offender and is therefore no longer eligible to participate in the boot camp program. Accordingly, this court can no longer grant effective relief, so plaintiff's case has become moot. That is erroneous for reasons I'll state in 30 seconds. In their appeal brief, the defendants raise an alternative argument for the first time. First, I want to discuss the district court's rationale for mootness and then address the defendant's new alternative argument. At first glance, the district court's ruling has some facial appeal, because after all, she did graduate from a boot camp program in Florida. However, that is not the equal protection analysis. The fact that she graduated is irrelevant to equal protection analysis. It's whether she obtained a comparable program. Which is why you're saying that the relief you're seeking is the components that we're missing from the Florida program. Let me offer this analogy. Let's say that this afternoon, the city of Denver announces that it is changing its high school program. And if the court will permit, have white students participate in a four-year program and black students in a four-day program. Obviously, a lawsuit filed by those black students, it does not become moot when they graduate in four days. The issue is not whether they graduated. The issue is whether they obtained a comparable program to their similarly situated peers. Do you agree that if a court issues an order saying somebody's completed their sentence and can be discharged, that the Bureau of Prisons, or the Wyoming State Prison, whoever we're talking about, that they can basically force them to leave and that the prisoner can't say, you know what? I don't want to leave. I think I'll just stay. Yes, I do. And that's not what happened here. What happened here is that she returned to her sentencing court. And the sentencing court then placed her under the jurisdiction of the Wyoming Department of Corrections, the same agency that had sent her to Florida. So that would be... So the Wyoming... And just, you'll have to educate me a little bit. The Wyoming system, the Bureau of Prisons runs the probation and all of that? Correct. Okay. Yes. And it's called the Wyoming Department of Corrections, WDOC. Right. And by statute, they operate not only the prisons, but the probation and parole. And we have cited statutes to that effect. Let me ask you what your conception of boot camp is. I mean, is boot camp in lieu of imprisonment? In other words, going back to a question Judge Carson asked, boot camp is essentially, it's just incarceration by a different form, a remedial form. But it is when the court is sentencing someone to incarceration, they just choose that as the menu option. Yes. Basically, it would be like, Judge Doe or Mr. Doe, I see that you have been convicted of distributing methamphetamine, I'm sentencing you to six years. However, we have a boot camp program. And since you're eligible, we're going to place you in that boot camp program, a six-month program. At the end of the six months, we'll get a report. If that's a favorable report, I will then place you on probation under the Wyoming Department of Corrections for the remaining five and a half years. Well, to that point, the director of the Wyoming Department of Corrections is not situated to put anyone in the boot camp program, any boot camp program. In other words, he can't fill the, even if we use your hypothetical, he can't fill the additional beyond the four-day time point, nor could he fill it here, right? First of all, we don't know that, and that goes to remedy. Whoa, whoa, whoa, whoa. Why don't we know that? You just told me that this boot camp program is in lieu of imprisonment. The Wyoming Department of Corrections is not, the director of the Wyoming Department of Corrections can't imprison anybody, can they? I mean, put them in prison. That is a judicial function. Correct. And we're not saying that he can tack on an imprisonment. What we can say- Well, on redressability, if you're suing the Department of Corrections head and saying, I want my additional boot camp time, and if boot camp is equivalent to prison, then the director of the Bureau of Prison says, I can't give you additional boot camp time because I can't put you in prison. And she's not asking for additional boot camp time. She's asking for the programs that she should have received. Oh, well, let me be clear then, because when you initially talked, you talked about missing components. One missing component was time. Yes. It wasn't just, and so I'm saying, well, with that in mind, the director of the Wyoming prison can't give her additional boot camp time, right? I'm not going to concede that because- You may not concede it, but I'm trying to understand the logic of why wouldn't that be true? It may well be true. That goes to remedy. Well, are we talking about whether there is an effective remedy? That is the whole mootness concept. Can these people give her a remedy? Yes, they can. And there's a range of- But I'm trying to look at the little menu here of what we're talking about and see whether there is a remedy. One piece on that menu is additional boot camp time. And I'm saying, I list you can tell me otherwise. I don't see any way anybody other than a court could give her additional boot camp time. Your Honor, that would depend on Wyoming law. That's what I was asking you, what Wyoming, what your conception of boot camp was under Wyoming law. And if it is a substitute good for imprisonment, the same thing as imprisonment in a different form, then the director of the Bureau of Wyoming Prisons can't imprison anybody, can they? All we know for the purposes of this case now is that she is entitled to a comparable program. She is not, and her allegations are that she did not receive a comparable program. We know the relief you're seeking. That's within your control. Yes. And so I will stop beating that horse and move on to the question of substance abuse. I heard, at least I thought I heard you say, Judge Carson, that the director of the Wyoming Prisons, they do have substance abuse within their purview, right, because of their control over probation. Yes. And couldn't a substance abuse program stemming from that probation provide her with an equivalent remedy? Yes. Okay. Without question. And again, it will be up to the district court to determine an appropriate remedy. So I'm just wondering, it sounds to me like you're suggesting that she has almost an absolute right to certain things as a matter of having been convicted of a crime. What if the district judge says, Your Honor, I want to go to boot camp. And the district judge says, You know, I don't think you're a good candidate for boot camp. I'm going to put you on probation instead. The only thing she has an absolute right to is equal protection. She has an absolute right to comparability. This court held that in Marshford v. Newton, every court to address the question has held that female prisoners have an absolute right under the Equal Protection Clause to a comparable program. Is it disputed that she, whether she was eligible and fit the criteria for a boot camp program? That's undisputed. That's not in dispute. It's not in dispute. No. She met all of the criteria. It was a first-time offense under 25, and she had not been in prison before. What about the idea that her initial complaint was, Send me to Wyoming boot camp or boot camp in another state? And then she got what she asked for, and that disappeared. That's true. At the time, and I take responsibility for this. I was the author of that. At the time, I was the one who brought her to an out-of-state prison. As soon as they did that, I realized that this is an issue. You cannot treat only women by sending them out of state, and I made that an issue. Wouldn't that be an appropriate state function, though, for the state who doesn't have an existing program that can accommodate women? Maybe there's not enough demand for it that they say, Good point. Your client should get to go to boot camp. We don't have the ability to provide that here, so we've made arrangements with the state of Florida for her to attend their boot camp. And that may be so, and that's something that the district court will have to determine. What this court has to determine is whether the allegations of the complaint set forth an equal protection claim. Again, remedy can be any number of things. We are actually hoping that she does not have to go back to prison, and that she could get whatever she missed in her community. Let's be clear here. Remedy is within your control in terms of what you are asking for your remedy to be. That drives the mootness analysis, and so saying what the district court could give her really is not the relevant question here. The question is what you want, and that determines whether this matter is moot, because what you want will determine whether the court can give it to you. Most courts aren't going to give you stuff just out of sua sponte. You've got to tell them what you want, right? Comparability. Well, comparability as to what, and that's where the components come in. The menu that I was alluding to earlier, and as I understand, correct me if I'm wrong, your menu really boils down to the additional time that she lost that Florida couldn't give her, and some drug program. Time. Not necessarily time. Definitely a drug program. The only reason I cannot answer that with more specificity, Your Honor, is that the defendants haven't stated yet what is in the men's program, so I don't know what she missed out. We do know that they have a nationally recognized drug program because that came out during the discovery, and we do know that she didn't have a drug program because she went to Florida and didn't get a drug program. So we know that, but she's entitled to comparability, and that she's never received.  Thank you, Your Honor. Good afternoon, and may it please the Court, Counsel. I'm Rachel Berkness, and I represent the appellees in this action, and I want to make sure a few things are really clear from the outset. Boot camp is prison. Ms. Blanchard's case is moot, not because she graduated from a boot camp program, but because she was released from prison. Her first amended complaint asked only that she be sent to a boot camp prison. She amended her complaint after she was in the Florida program, and she didn't ask for substance abuse treatment after prison. She didn't ask for whatever programming might have been deficient, allegedly, and at that time she knew the length of the program. She knew what type of programming that she would receive in the boot camp prison in Florida, but she made that choice, and it is for those choices that we are here today, and her case is moot. Finally, Ms. Blanchard is not on parole. Ms. Blanchard is on probation, and per Wyoming statutes, the Department of Correction has general supervisory authority over probationers, but the only authority that they have, or excuse me, over parolees, the only authority over probationers is pursuant to the order of the sentencing court, which sets forth the terms of that probation. Ms. Blanchard moved to have her sentence modified. She asked for probation, and in doing so, she waived her ability to contest the terms of her probation. She said that she understands that she had a right to contest and appeal any order entered by the sentencing court modifying her sentence, and hereby waived this right. And one of the terms of the, is it true that one of the terms that the sentencing court put forward, and from the get-go, considered to be important was substance abuse, right? That's correct, Ms. Blanchard. Okay. No, please go ahead with your answer. So per the terms of her probation as they exist, Ms. Blanchard must attend substance abuse treatment. She's not only been attending it since her release, but she's teaching substance abuse treatment, and she's set to graduate from that program in March. Well, it's my understanding that they still feel that one deficiency and one lack of comparability relates to substance abuse treatment. I mean, is there something about the treatment she's getting that is not adequate? Not that I'm aware, and not that plaintiff has alleged. If that were the case, if she were not in substance abuse treatment today, the Department of Corrections still does not have authority to set the terms of her probation. Only her sentencing court. Wait a minute. Well, yes, but you said that it's subject to what the sentencing court does, and the sentencing court has included substance abuse, so that has liberated the Department of Corrections to, in fact, provide a substance abuse program. So if she wasn't in one, she could get one, right? That's correct. I guess the hypothetical that I was giving is if she were not ordered by her sentencing court to attend, and she has been. The facts here matter for mootness purposes, and with that in mind, is it in the record that she is actually in a substance abuse program? It is not, Your Honor. Let me ask you about the terms of her probation. Is this a deal where the court said, okay, I'm going to send you to boot camp, where I'm going to recommend that you be remanded into custody. I'm going to recommend, I think is the way it works, that you be accepted into this boot camp program, and when you get out of boot camp, you have to attend substance abuse treatment, outpatient substance abuse treatment for a term of eight weeks or whatever. One of those defined post-prison treatment programs. Is that sort of how it works? That is how it works, that's correct, yes. And so the judge says it. You implement what the judge says. If she, for some reason, was to quit going, what would happen? So the Department of Corrections does not actually implement the substance abuse treatment. Currently, her substance abuse treatment is through Sublet County, and it's funded through grants via Sublet County. However, if she were to violate the terms of her probation, then her probation officer could make a recommendation to the court, and the court could revoke her probation, and then she could go back to prison for violation. But the Department of Corrections directs that she go to that substance abuse program, right? I mean, it doesn't have to be the provider. She's only going because she's directed to go, right? The sentencing court directs that she go to that substance abuse program. Yes, but why isn't it then implemented by the Department of Corrections, which is in charge of probation, which probation lets her go to the substance abuse program, right? It's implemented by the individual providers, which are the counties. Where does probation come into the equation then? The Department of Corrections has more supervisory authority over parolees versus probation? That's not the question I asked you. She's on probation. As part of her probationary charge, she has to do substance abuse, right? That's correct. And who's in charge of that? The Department of Corrections is in charge of probation, right? That's correct. All right, then. Right, but they are not in charge of setting the terms of her probation. And that hasn't I think what Judge Holmes is saying is that if the sentencing court says she gets drug treatment, it's your department's job to make sure she gets drug treatment. It doesn't matter that it's through the county or through the BOP or whoever it might, or Department of Corrections. But the buck stops with you. If the county doesn't make it available, you've got to find her another place to go. That's correct. Okay. Yep, to fulfill the conditions that are set by the sentencing court. And previously in the holdings of this court, individuals have been released to probation or parole, like in this court's holding in McAlpine v. Thompson. And the inmate seeks injunctive relief only. And they have found that even release on probation or parole moots that inmate's claim for injunctive relief. That's because the department does not have enough control over those individuals in order to grant any effective relief whatsoever. And that holding was echoed in Jordan v. Sosa. Well, yes. In this situation, number one, I query why haven't you put in the record at any point the fact that she's in substance abuse? If that's in fact what they're asking about and that's on their menu item of what she's not getting, why haven't you told us that? That allegation was never made below, and that's the reason. Below, the request was for participation in the boot camp program only. It was not about any specific deficiencies. And so when Ms. Blanchard asked that she be released and she waived her ability to contest the terms of her probation, the Department of Corrections moved to dismiss on that basis. And it was a real short one-page order that said Ms. Blanchard is asking only that she goes to this certain prison. She's now asking her sentencing court to release her from prison. This case is moved. And so there was no allegation below about substance abuse treatment. Have you claimed that she waived or forfeited that allegation above? Well, she's now asking this court to afford her relief that was opposite of the relief that she asked her state sentencing court for. Well, I'm asking you, if below in district court, if the only thing that was on the table was, I want essentially more boot camp time. Is that right? That's correct. Am I understanding your position? Well, she asked for boot camp period. It wasn't more. Well, in effect, if it couldn't be boot camp, then more, I mean, if it can't be the full Wyoming program, then more boot camp time. If that's all that was on the table below, and on appeal, she's raising the substance abuse issue, I think it's probably incumbent upon somebody to say something unless you want that to stand. I mean, have you alleged that that is a forfeiture or waiver at any point? It's not that it's waiver, it's that... If she doesn't argue something below, she doesn't ask that the case not be moved. And this, okay, I'm missing something here. But below, district court, she's had a change of circumstances. She says, the case is not moved, Your Honor, because I need that additional time that I could have had in a boot camp program. I need boot camp. Is that fair? Is that what happened below? She did not say that her case was not moved for that reason. She actually admitted that her case would become moved upon her graduation from boot camp. But your Wyoming boot camp program. That's correct. Okay. No, no, I'm sorry. It was the Florida boot camp program at that time. Yes. Yes. The mootness determination that brings us here now is after her completion of the Florida boot camp program. After her completion of the Florida boot camp program, she moved to modify her sentence to release on probation. But prior to her release, she moved to amend her complaint and she didn't ask for any such relief. And then she asked to add additional plaintiffs to save her case from mootness. Additional relief being what? Excuse me, additional plaintiffs to save her case from mootness. Okay. But just to walk me through, we've got a little time here. Walk me through the timeline. She gets back out of the Florida boot camp program. She gets effectively sent to probation at that juncture, right? That's correct. Now she's got this federal case and the federal case was predicated on her denial of a Wyoming boot camp program, right? That's correct. And so at that juncture, when the issue of mootness comes up, what is your understanding of what their argument was for why it's not moot? Because they were going to add additional plaintiffs to save the case from mootness. And that's in the record. As it relates to her though, why was it not moot or did they concede it was moot? They didn't concede it, but they said that the reason that they needed to add these additional plaintiffs was to save from mootness. They didn't go as far as to say, we concede that this case will be moot upon her release. So it's your understanding before the district court that at least as it relates specifically to her, there was not an argument advanced that this is not moot because we're not getting this boot camp time. That's absolutely correct. Okay. So then if that's true, at least I understand the appellate brief to be on appeal or her position on appeal to say, I am missing the components of the Wyoming boot camp program. I am missing the time and I am missing the substance abuse. That's her position on appeal. Is that your understanding? That's correct. Okay. Then it's your understanding her position on appeal is not the position she took before the district court. And so why isn't it, have you alleged anywhere that she's forfeited the arguments she's raising on appeal now? I haven't made that allegation, but I mean, it may very well be the case. Oh, well, that's nice to know. But I mean, it seems to me that that's what our law is. I mean, at least that would be incumbent upon you to at least think about, right? And the reason why is because this case, this court's previous case law is so directly on point that when an individual is released from prison and they only seek injunctive relief relating to their incarceration, that case is moved every time. And my opposing counsel hasn't cited any authority to the contrary. And so the waiver issue from my perspective didn't seem like necessary. Well, she's not, well, I'm not, you know, I'm not, I'm not trying to coach you on how to advocate this case. I'm just saying that it seems to me that right now she's claiming that there are things that could be provided to her that have not been dissolved by her release from prison. In other words, if we view boot camp program as equated to imprisonment, which we've talked about, then the fact that she got out of the Florida boot camp program, her position would be, and Lisa, as I understand it from the argument, of course, the fine point that was put on it today, that she, at a minimum, she wants a substance abuse program that she didn't get in the Florida prison, and she wants whatever comparable time she can get. Those weren't, it's clear, those weren't said below and those wouldn't be eliminated, would they, by the fact that she's out of prison? Any relief is eliminated by the fact that she's out of prison for this court's previous holdings in McAlpine v. Thompson, Jordan v. Solsa, Green v. Branson. Mootness is determined by whether we are capable of giving her relief. If she's asking for things that are not equatable, cannot be equated with release from prison, then there are things that are on the table that we could give her. So why isn't that the case? Being released from prison doesn't mean you got a substance abuse program. Being released from prison doesn't mean that you got the time you got in the Wyoming program. So why is it the case that her release from prison, i.e. the boot camp program, mooted those things? Because that's the way that this court has ruled in the past. For example, in Green v. Branson, the plaintiff brought a complaint for medical care, and he was released from prison before he received the medical care that he alleged that he was entitled to. This court dismissed his moot without saying, is it possible that the Department of Corrections can provide him this sort of relief that isn't necessarily related to his incarceration? He's out of prison. He wanted medical care in prison. Okay, fine, full stop. In this situation, she's out of the boot camp program, i.e. prison. She's still a probationer. She's still within the control of the Department of Corrections. She wants a drug program. The Department of Corrections, as we went through in a long conversation, is situated to ensure that she gets that drug program. So why is that moot? Because that is the way that this court has held previously. The argument, tell me how the Green example is equatable with the situation. It's one thing to say a prison can't take a prisoner who's out of prison and give him health treatment now when they have no control over that prisoner. Why is that equatable to a situation where they have control over the prisoner, and they are situated to, in fact, give that prisoner what that prisoner wants? Because the Department of Corrections doesn't have any authority over the terms and conditions of her parole. We just talked about this. The court gave her substance abuse treatment. The Department of Corrections can ensure that she gets substance abuse treatment. So why doesn't the department have control over that? They do, and she has been in substance abuse treatment since her release. Which is nowhere in the record for us to see. It's not in the record, but this court also has the ability to dismiss on prudential mootness grounds. The allegation here is that Wyoming did not provide a comparable boot camp of its own, and it sent her to an out-of-state place that didn't have a comparable program, and that what she needs is not just drug treatment. She needs a comparably effective program, which the boot camp boasts about for a man, but she doesn't get it in her case. Isn't that the status of the case? That is the allegation, yes. And the only question then is what kind of remedy could they supply to her for what is alleged she didn't get, that is a boot camp comparable to the one supplied to men. Correct, yes. And in her first amended complaint, after she was already in that program, she never asked for these remedies. And when she moved to be released on probation, she never asked for these remedies. And in fact, she waived her ability to do so, and she has an affidavit in the record saying as much. The burden to establish mootness is on you, right? The burden to establish mootness when the plaintiff seeks injunctive relief is on the plaintiff. The burden to show, or excuse me, to establish the absence of mootness, to show an ongoing injury is on the plaintiff. The court held as much in Jordan v. Sosa, and also in Mosley, and also in the Rezac case, that when a plaintiff seeks equitable relief, the plaintiff must show not only a personal stake in the outcome, but also a likelihood of substantial and immediate irreparable injury. And what I just heard from my opposing counsel this morning is that the injury she currently alleges is that she wants to not only get out of prison, but stay out of prison. And that is not a cognizable injury under the law, because that is an increased likelihood of recidivism. And per O'Shea v. Littleton, and per Jordan v. Sosa, thank you. Thank you. How much time did we have? Any? 42 seconds over. Okay, 42 seconds over. All right, would you give him 1.15, please? You don't have to take it if you don't want to. Just trying to... You're up. Now you're subject to questioning. First, I need to correct the record. Ms. Berkness is incorrect. We definitely made this argument in the district court. And I quote the relevant brief in the appeal brief. It's ECF 81, and if I can read four sentences, it will answer your question. We expressly stated to the district court, rather than place Ms. Blanchard into a program comparable to the one in Newcastle, defendants placed her into a significantly shorter and demonstratively inferior program. The Newcastle program provides training, instruction and programming for six months. The Florida program in which defendants placed Ms. Blanchard lasted only four months. Consequently, Ms. Blanchard's lawsuit cannot become moot until she receives the remaining two months of training, instruction and programming provided to Wyoming's male prison. Did you make any argument about substance abuse in the district court? Yes. And first, bear in mind, Your Honor, that we filed the amended complaint a couple weeks after she got to Florida. She had four months left to go. She didn't know for sure at that time. Do you agree that she is in the substance abuse program? Yes, she is. And is that giving you what you want? We don't know if it's comparable because we don't know what the men are getting. The second thing I want to point out is burden of proof. In 1966, Judge McKay wrote City of Albuquerque v. Broner, and there have been a number of cases since then, stating that the initial burden of proof of mootness is on the defendant. If a plaintiff then claims an exception to the mootness doctrine, the plaintiff has the burden of proving the exception. However, as City of Albuquerque points out, it is a heavy burden on the defendant initially to prove mootness. That's where the burden is. Thank you, Your Honor. Thank you, counsel. The case is submitted and we are adjourned.